## In re Anonymous No. 100 D.B. 88

Disciplinary Board Docket no. 100 D.B. 88.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

TUMOLO, *Member,* February 7, 1990—Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to this honorable court with regard to the above-captioned petition for discipline.

## HISTORY OF PROCEEDINGS

Respondent, [   ], was admitted to the practice of law in the Commonwealth of Pennsylvania in October 1983. He was also admitted to the practice of law in the State of New Jersey on December 15, 1983. Respondent was convicted in New Jersey on July 20, 1987, of possession of a controlled substance, cocaine.

On September 14, 1988, the Supreme Court of Pennsylvania suspended the respondent pursuant to Pennsylvania Rule of Disciplinary Enforcement 214(d).

On October 6, 1988, the Office of Disciplinary Counsel filed a petition for discipline alleging violations of Pennsylvania Rule of Disciplinary Enforcement 214(a), which requires that an attorney convicted of a crime punishable by imprisonment for one year or upward shall forward the facts of such conviction to the secretary of the board within 20 days of the date of the sentence; Disciplinary Rule 1-102(a)(1) which prohibits an attorney from violating a Disciplinary Rule; Disciplinary Rule 1-102(a)(3) which prohibits an attorney from engaging in illegal conduct involving moral turpitude; and, Disciplinary Rule 1-102(a)(6) which prohibits an attorney

from engaging in other conduct which adversely reflects on fitness to practice law.

On August 7, 1989, a panel of Hearing Committee [ ] consisting of [ ] found that respondent had violated D.R. 1-102(a)(1); D.R. 1-102(a)(3); and D.R. 1-102(a)(6). That hearing committee recommended a private reprimand coupled with two years of probation under the supervision of an attorney selected by the Disciplinary Board.

On August 28, 1989, the Office of Disciplinary Counsel filed a brief on exceptions contending that Pennsylvania Rule of Disciplinary Enforcement 214(a) had also been violated, and that the discipline should be a public censure with a supervised probation.

The matter came before the board for adjudication on October 24, 1989.

A report and recommendation of the Disciplinary Board was originally issued on November 22, 1989. The recommendation was for a private reprimand coupled with a probationary period which was to run concurrent with New Jersey by having disciplinary counsel monitor that state's probation. If respondent successfully completed the New Jersey probation his Pennsylvania probation would terminate concurrent with New Jersey. And, since no public discipline was warranted, the board stated that the respondent should apply directly to the Supreme Court to terminate his temporary suspension.

The Office of Disciplinary Counsel has asked that we reconsider our recommendation and suggested procedure for termination of respondent's temporary suspension for these reasons:

(1) While Pennsylvania Rule of Disciplinary Enforcement 204(a)(5) provides under the heading "types of discipline," for: "private reprimand by

the board with or without probation," the Disciplinary Board Rules and Procedures which specifically address probation at section 89.291(b) only allow for probation in conjunction with a suspension. In short, there is a gap between the discipline the board is entitled to impose and that discipline for which a rule specifically sets for a procedure to implement the discipline; and,

(2) While Pennsylvania Rule of Disciplinary Enforcement 214(d)(4) allows an attorney to petition the court to dissolve a temporary suspension at any time, it also requires a reference to the Disciplinary Board for a hearing on the dissolution. Obviously, complete hearings by the committee and board have already resulted in recommendations of private discipline. However, there is no specific procedure for termination of suspension when the recommended discipline is not public. Thus, if respondent applies on his own to the Supreme Court, it could result in a useless reference for a hearing that has already taken place.

## SUMMARY OF EVIDENCE

The parties entered into a stipulation of the facts which are accepted by the board and binding on the parties. See Disciplinary Board Rule 89.131. That stipulation is therefore adopted by the board as the findings of fact and will not be repeated herein. Rather, the board will summarize what in addition to the findings of fact is relevant to the adjudication.

Respondent is a 34-year-old lawyer who, although he was admitted to practice law in both New Jersey and Pennsylvania, represented clients almost exclusively in New Jersey. The evidence shows he suffers from diabetes mellitus and the problems that occur when that disease is out of control. He has had

problems with circulation which make physical activity almost impossible. He has experienced problems with impotency. Two years before this criminal conviction, he lost the sight entirely in one eye, and has residual vision of 10 percent in the other. The vision problem has caused him to undergo numerous operative procedures, none of which have been successful in restoring the respondent from the status of being legally blind. He is able to read and do other lawyer tasks only with the assistance of a highly technical instrument which fits around his head to amplify his vision. Obviously, he cannot drive a car.

In addition to these difficulties, in the spring of 1987, his employer was convicted of a crime which led to his being disbarred, and forced respondent to deal with a substantially increased case load. Obviously, respondent's stress level increased. Yet there were still other problems.

In 1976 respondent's father, a former judge in the state of New Jersey, was brutally murdered. Respondent was continually troubled by this vicious criminal act for which no one had been brought to justice. Finally, 12 years after the act, the alleged perpetrator of his father's murder was indicted.

It was in the context as set out above that the respondent, on June 27, 1987, in the privacy of his own bedroom, ingested cocaine, and apparently in a frantic attempt to purge this substance from his body, cut his stomach and thighs with a razor. When the respondent called for assistance, his mother contacted emergency medical services, and under the normal procedure police accompanied the ambulance to respondent's home. The police observed drug paraphernalia, and later returned with a search warrant and found a small quantity of cocaine. Respondent was charged and pled guilty. In the

transcript of the criminal sentencing, the prosecutor stated that: "Quite frankly, if I could divert this case through the use of pretrial intervention, I would have done so." (Criminal sentencing transcript at 13.) From anyone's prospective, the case did not merit severe punishment. The trial judge placed defendant on probation until he completed a drug abuse program at the [ ] Institute. This was successfully completed by [respondent]. Next, respondent faced the New Jersey Disciplinary Committee appointed by that state's Supreme Court.

The record of the disciplinary proceeding in New Jersey shows that respondent has continued in outpatient drug rehabilitation programs and regularly attends Narcotics Anonymous. He also joined Lawyers Concern For Lawyers to obtain specific help from those members of his profession who have suffered similar problems.

The Disciplinary Committee in New Jersey recommended a short period of suspension, but this was reduced by the Supreme Court of New Jersey to a public reprimand, with his law practice being supervised by a proctor. The proctor's report on the respondent's legal work shows that [respondent] has done well in representing his clients.

There is no question that the Office of Disciplinary Counsel's exception as to the failure to find a violation of Pennsylvania Rule of Disciplinary Enforcement 214(a) must be sustained. The stipulations at no. 35 show that the respondent failed to comply with the reporting requirements of that rule. While there is no question that the respondent was overwhelmed by various difficulties, his failure to report a crime which was subject to the rule is a violation.

The board, however, is not likewise persuaded with regard to the Office of Disciplinary Counsel's reasoning with regard to the administering of a public censure in Pennsylvania. Respondent does little to no practicing in Pennsylvania. Mitigating factors surrounding this offense are to the point of being overwhelming. *At this time,* after the rehabilitation and excellent conduct of respondent, to subject him to a public reprimand in Pennsylvania does not serve a purpose for either the respondent or the public. In *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986), the court stated that the primary purpose of our system of lawyer discipline is to protect the public from unfit attorneys and to maintain the integrity of the legal system. Since punishment is not a prime function, the hearing committee's recommendation is more in conformity with the goal of the disciplinary system.

The board accepts the recommendation of the hearing committee for a private reprimand. However, since the respondent does very little to no practice of law in Pennsylvania, for the board to appoint a lawyer to supervise his activities will be of little use. The board adopts the position of the Office of Disciplinary Counsel that a private reprimand without probation is sufficient. In the petition for reconsideration, the Office of Disciplinary Counsel states that on the best available information the respondent has complied with the New Jersey probation since July 8, 1988. Since respondent's practice in Pennsylvania is little to none, he is already under sufficient supervision.

And, the board will not subject respondent to the possibility of another, and useless, hearing. The recommendation will include that the temporary suspension be immediately terminated.

## RECOMMENDATION

The board unanimously recommends that respondent receive a private reprimand, and that the temporary suspension pursuant to Pennsylvania Rule of Disciplinary Enforcement 214 be immediately terminated. It is recommended that the costs of these proceedings be paid by respondent.

## ORDER

And now, January 8, 1991, upon consideration of the amended report and recommendation of the Disciplinary Board dated February 7, 1990, and the length of the interim suspension respondent has already served, the court hereby orders that the final discipline to be imposed is that respondent, [ ], shall be subjected to public censure at the session of court commencing April 8, 1991, in Philadelphia. The interim suspension entered by this court on September 14, 1988, is hereby dissolved and respondent is reinstated to the practice of law in this Commonwealth under Disciplinary Board-supervised probation, which shall be coterminous with the period of disciplinary probation imposed by the state of New Jersey. It is further ordered that respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Papadakos files a dissenting statement in which Mr. Justice McDermott and Mr. Justice Cappy join.

## DISSENTING STATEMENT

PAPADAKOS, *J.*—I must dissent to the court's disposition of this serious disciplinary matter. Respondent [ ] was convicted of possession of co-

caine in New Jersey on July 24, 1987, and placed on probation until he completed a drug abuse program in that state. The Supreme Court of New Jersey has reprimanded respondent in public and has placed him and his practice under the supervision of a proctor. Because of the overwhelming mitigating circumstances of this case, the majority seeks to impose the same discipline on respondent as New Jersey has and intends to monitor respondent's limited Pennsylvania practice until the New Jersey probation period ends.

I have reviewed the record developed by the Disciplinary Board in this matter and am not satisfied that the discipline imposed here is either sufficient considering the gravity of the crime and circumstances or adequate to protect the public. Respondent's admitted use of cocaine seems to be the "tip of the iceberg" of problems with which he is plagued. He is a severely insulin-dependent diabetic and is legally blind. It is admitted that it takes him 10 times longer to read documents than it does a sighted person and that in a few years he will be totally blind.

More distressing is the tragedy which surrounds the slaying of his father, a New Jersey judge, over 10 years ago, by a "reputed mobster," and which appears to have affected respondent mentally to the point where he was using cocaine. The criminal episode which brought respondent's lifestyle and legal career under our scrutiny involved his using cocaine in the privacy of his bedroom and, in a futile attempt to purge himself of the already ingested drug, by the slashing of his thighs and stomach. His screams were heard by his mother who called for the police. Once in custody, respondent was able to begin assessing the severity of his conduct and was able to seek help.

It is true that respondent is remorseful and has sought help for his drug abuse problem, but there is no evidence to show that his emotional problems are being addressed. The unresolved mental strain created by the brutal slaying of respondent's father and his very poor health brought about a drug dependency which culminated in physical harm to himself. I am very reluctant to permit respondent, with his severe medical and emotional problems, to continue practicing law in this Commonwealth as long as the root of respondent's problems are not addressed by competent medical personnel.

I am also concerned that the majority, by imposing only a public reprimand for convicted cocaine use, is sending a message to the bar that as long as illegal drug activity is for personal use it does not offend the legal community of this Commonwealth or affect the confidence that the public has that lawyers will refrain from conduct that is illegal and which affects their ability to function normally.

Respondent was convicted of a serious crime for which imprisonment of one year or more could have been imposed. Our rules require that discipline be imposed. Pa.R.D.E. 214. Because of his position in society, respondent was required to obey the law and, in so doing, show respect for the law as an example to others. He has failed to do so and when convicted he also failed to notify our Disciplinary Board of his conviction as required by Pa.R.D.E. 214.

For the majority to impose public censure for illegal drug use is only to recognize that a problem exists and to do nothing about it. We are all susceptible to the many pressures and anxieties which come to bear in our personal and professional lives. When one is overcome by those pressures and becomes sick, however, we are required to remove

that person until a cure is effected so that no further harm can be inflicted upon anyone. I would suspend respondent until his drug abuse and mental problems are overcome and would require him to undergo treatment for his demonstrated emotional problems. I would not permit respondent to handle the problems of others until it can be demonstrated by competent medical testimony that he can handle his own problems. I am not satisfied that board supervision of respondent and his practice is sufficient to protect the public and, therefore, I dissent.

Mr. Justice McDermott and Mr. Justice Cappy join in this dissenting statement.